1  JEREMY PASTERNAK, ESQ., BAR NO: 181618
   jdp@pasternaklaw.com
2  DEANNA L. MAXFIELD, ESQ., BAR NO: 291913
   dm@pasternaklaw.com
3  LAW OFFICES OF JEREMY PASTERNAK
   A Professional Corporation
4  354 Pine Street, Fifth Floor
   San Francisco, CA 94104
5  Telephone:  (415) 693-0300
   Facsimile:  (415) 693-0393
6
7  Attorneys for Plaintiff
   ASHLEIGH GODDARD

8

9              **UNITED STATES DISTRICT COURT**

10            **NORTHERN DISTRICT OF CALIFORNIA**

11

12  ASHLEIGH GODDARD, an individual,       )   Case No. 4:21-cv-01675
                                           )
13                  Plaintiff,             )   COMPLAINT FOR DAMAGES FOR:
    v.                                     )
14                                         )   1.   Discrimination on the Basis of
    WELLINGTON EXTERMINATORS, INC., a      )        Race in Violation of the Fair
15  California Corporation, individually and d/b/a )   Employment and Housing Act
    DISCOVERY PEST CONTROL; and Does 1-20, )        (Cal. Gov. Code §§ 12940, et
16  inclusive,                             )        seq.);
                                           )
17                  Defendants.            )   2.   Harassment on the Basis of Race
                                           )        in Violation of the Fair
18                                         )        Employment and Housing Act
                                           )        (Cal. Gov. Code §§ 12940, et
19                                         )        seq.);
                                           )
20                                         )   3.   Retaliation in Violation of the
                                           )        California Fair Employment and
21                                         )        Housing Act (Cal. Gov. Code §§
                                           )        12940 et seq.);
22                                         )
                                           )   4.   Failure to Take Reasonable Steps
23                                         )        to Prevent Discrimination and/or
                                           )        Harassment in Violation of FEHA
24                                         )        (Cal. Gov. Code § 12900, et seq.);
                                           )
25                                         )   5.   Discrimination on the Basis of
                                           )        Race in Violation of Title VII of
26                                         )        the Civil Rights Act of 1964 (42
                                           )        U.S.C. §§ 2000e, et seq.);
27                                         )
                                           )   6.   Harassment on the Basis of Race
28                                         )        in Violation of Title VII of the

|  |  |  |
|---|---|---|
|  |  | Civil Rights Act of 1964 (42 U.S.C. §§ 2000e, et seq.); |
|  | 7. | Retaliation in Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e, et seq.); |
|  | 8. | Wrongful Constructive Termination in Violation of Public Policy; |
|  | 9. | Failure to Pay Overtime Compensation in Violation of California Labor Code §§ 510, 1194, and 1198 et seq. and Claim for Waiting Time Penalties Under California Labor Code § 200 et seq.; |
|  | 10. | Failure to Provide Meal Periods; |
|  | 11. | Failure to Provide Rest Periods; |
|  | 12. | Violation of California Business and Professions Code § 17200; |

DEMAND FOR JURY TRIAL

## COMPLAINT

Now comes ASHLEIGH GODDARD, Plaintiff in this action, and files this Complaint, and further alleges as follows:

### Parties to the Civil Action

1.    Plaintiff Ashleigh Goddard (hereinafter "Plaintiff" or "Ms. Goddard") is an adult natural person who is and was at all times mentioned herein a resident of the State of California.

2.    Plaintiff is informed and believes, and thereon alleges that WELLINGTON EXTERMINATORS, INC., a California Corporation, individually and d/b/a DISCOVERY PEST CONTROL; and Does 1-20, inclusive, were, at all times material to this Complaint, the employer of the Plaintiff and were operating in the County of Contra Costa, California.

3.    Plaintiff is informed and believes and thereon alleges that there exists and, at all times relevant to this complaint, existed a unity of interests between Defendants and/or Does 1-20 such

that any individuality and separateness between Defendants and/or Does 1-20 has ceased, and Defendants and/or Does 1-20 are the alter ego of the Defendants and/or Does 1-20 and exerted control over each other.  Adherence to the fiction of the separate existence of Defendants and/or Does 1-20 as an entity distinct from other certain Defendants and/or Does 1-20 will permit an abuse of the corporate privilege and would sanction fraud and/or promote injustice.

4.    Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1-20 inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will amend her Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are responsible in some manner for the occurrences alleged herein, and that the damages of Plaintiff alleged herein were proximately caused by these Defendants.

5.    Plaintiff is informed and believes, and thereon alleges, that at all times mentioned in this Complaint, Defendants and/or Does 1-20 were the agents and employees of their co-Defendants and/or Does 1-20, and in doing the things alleged in this Complaint were acting within the course and scope of such agency and employment and acted in such a manner as to ratify the conduct of their co-Defendants and/or Does 1-20.

6.    Plaintiff is informed and believes, and thereon alleges, that at all times mentioned in this Complaint, Automatic Data Processing, Inc. ("ADP") was the agent of Defendants and/or Does 1-20,  and in doing the things alleged in this Complaint was acting within the course and scope of such agency and employment and that Defendants and/or Does 1-20 acted in such a manner as to ratify the conduct of ADP.

**Exhaustion of Administrative Remedies**

7.    Plaintiff has filed a "Complaint of Discrimination Under The Provisions of The California Fair Employment and Housing Act" against Defendants herein with the California Department of Fair Employment and Housing ("DFEH") and has received a "Right to Sue" Notice and therefore has satisfied all administrative exhaustion requirements with respect to the claims herein under the Fair Employment and Housing Act.

8.    Plaintiff has filed a complaint against Defendants herein with the Equal Employment

Opportunity Commission ("EEOC") and has received a "Right to Sue" Notice and therefore has satisfied all administrative exhaustion requirements with respect to the claims herein under Title VII of the Civil Rights Act of 1964.

**Venue and Jurisdiction**

9.    Venue is proper before this court as a substantial part of the actions and injuries giving rise to this Complaint took place in Brentwood, California, and because Plaintiff performed her labors for Defendants and/or Does 1-20 in Brentwood, California.

10.    Plaintiff at all relevant times herein was an employee protected by the provisions of the California Fair Employment and Housing Act, California *Government Code* §12900 et seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq.

11.    Plaintiff is informed and believes and thereon alleges that Defendants and/or Does 1-20 are employers subject to suit under the Fair Employment and Housing Act, California *Government Code* §§ 12900, et seq., ("FEHA"), and its interpretive regulations.

12.    Plaintiff is informed and believes and thereon alleges that Defendant and/or Does 1-20 are employers subject to suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and its interpretive regulations.

13.    The jurisdiction of this Court is invoked under the provisions of 28 U.S.C. § 1331 (Federal Question).

**Intradistrict Assignment**

14.    Pursuant to Civil L.R. 3-2(b)(c), this case shall be assigned to the San Francisco Division or the Oakland Division of this Court, as this case arises in Contra Costa County, California.

**Facts Common to All Claims for Relief**

15.    Plaintiff began working for Defendants and/or Does 1-20 on March 16, 2020, as a Route Manager.

16.    Plaintiff is a Black woman.

17.    Shortly after the killing of George Floyd in Minneapolis in late May, 2020, and the ensuing protests, management of Defendant WELLINGTON EXTERMINATORS, INC., and

Plaintiff's coworkers began making derogatory comments about Black people.

18.    For example, on June 1, 2020, Plaintiff saw Operations Manager Norma DeCasas (the wife of the owner of WELLINGTON EXTERMINATORS, INC., Rob Wellington) show something on her phone to Plaintiff's coworker, Laura (Plaintiff does not know her last name). While Ms. DeCasas was showing her phone to Laura, Ms. DeCasas said, "Black people are ruining shit for everyone. All of this over one person's death. Like get over it. There are more important things to protest and worry about than this." Laura then looked at Plaintiff and said, "Those are your people."

19.    Later on that same day, June 1, 2020, Norma DeCasas came out of her office to talk to two of Plaintiff's coworkers, including Ms. DeCasas's sister, Veronica DeCasas. Norma DeCasas said, "They are looting on the streets of Brentwood today. That is close to my house and if they come near my house I'm going to shoot on sight. . . . I have plenty of guns in the house like we all know. Good thing I am always packing." Veronica DeCasas replied, "I would too, and this is all ridiculous and they deserve it." Later that day around 4:45pm, Laura, said to Plaintiff, "Hopefully we will see you tomorrow and you aren't going to be out there arrested with the rest of the looters and your people."

20.    Plaintiff called Automatic Data Processing, Inc. ("ADP"), which handles the Human Resources for WELLINGTON EXTERMINATORS, INC., on June 1, 2020, to make a complaint. They told Plaintiff they would call her by the end of the next business day, but she did not hear back from them for eight days. In the meantime, management and Plaintiff's coworkers at WELLINGTON EXTERMINATORS, INC., continued to make racist remarks about Black people in front of her.

21.    On June 9, 2020, Plaintiff spoke with her doctor, who recommended she take a few weeks off from work because of the anxiety she was experiencing as a result of her work environment.

22.    That same day, on June 1, 2020, Plaintiff finally heard back from ADP. She told them about the racist remarks as well as a coworker who had been making unwelcome, inappropriate sexual comments to her. They said they would investigate her complaints and that she would hear

from an investigator within the next couple of days.

23.     On June 17, 2020, Plaintiff emailed the ADP contact asking about the status of the investigation, as she had yet to hear from the investigator.  She received a phone call from the investigator, who scheduled a call the following day at 9:30 a.m.

24.     On June 18, 2020, Plaintiff had a call with the investigator.  She told Plaintiff that she would interview a couple of people from the office and that Plaintiff would hear from either ADP or her manager once the investigation was finished.

25.     Plaintiff returned to work from her medical leave on June 29, 2020.  Management had rehired the employee whom Plaintiff had replaced when she began her employment.  Throughout the next few weeks, it became clear that after Plaintiff's complaint to HR, personnel in the office was avoiding speaking to her and her communicating with her only through this rehired employee.  It also became clear that this employee was monitoring Plaintiff's performance; she would send emails to Plaintiff about things she said she was doing wrong, cc'ing Norma DeCasas on each one.  She reported to Mr. Wellington and Norma DeCasas about Plaintiff's activities, including how many times she went to the bathroom, answered the phone, looked at a customer's account, and inserted notes into each account.

26.     On July 21, 2020, Plaintiff was called into Mr. Wellington and Norma DeCasas's office.  They told her she was being written up for the things the rehired employee had noted in her emails. Plaintiff asked why the write-up was happening at that time, after her leave of absence, and Norma DeCasas responded that she was not monitoring what Plaintiff was doing before her leave of absence and that she had hired the newly rehired employee to monitor everything that Plaintiff did throughout the day.  The write-up contained several false statements, and it was clear to Plaintiff that she was being written up in retaliation for her complaint to HR.

27.     Plaintiff is informed and believes and thereon alleges that management's write-up was pretextual and was motivated by a retaliatory animus, and that management had instructed this other employee to monitor Plaintiff's activities out of a desire to "dig up dirt" on Plaintiff's performance.  Plaintiff further alleges that regardless of what this employee may have honestly believed with respect to Plaintiff's performance, it was prejudiced by management's representations and

1    instructions to her.

2        28.    Further, even to the extent Plaintiff may have been having difficulties at work during

3    this time period, they were below any threshold that would have warranted the write-up she received,

4    and moreover, and in any event, would have be caused in significant part by the racist and harassing

5    in environment in which she was working, a factor which was not taken into account by

6    management.

7        29.    Around this time, Plaintiff also heard back from ADP that the HR investigation into

8    her complaint had been closed and that no "policy violations" had been found.

9        30.    Plaintiff was continuing to experience severe stress and anxiety from the work

10    environment, so she took another leave from work. She emailed management and made it clear that

11    the racially harassing, hostile work environment was making it impossible for her to work.

12    Management ignored this aspect of Plaintiff's message and simply asked for paperwork for her leave.

13        31.    It became clear to Plaintiff that nothing was going to be done to address the situation,

14    and she found it impossible to return to the work environment, so she resigned from her position on

15    September 11, 2020.

16        32.    Plaintiff is informed and believes and thereon alleges that Defendants and/or Does

17    1-20 discriminated against her and/or harassed her on the basis of her race in violation of the

18    California Fair Employment and Housing Act.

19        33.    Plaintiff is informed and believes and thereon alleges that Defendant discriminated

20    against her and/or harassed her on the basis of her race in violation of Title VII of the Civil Rights

21    Act.

22

23    **First Claim for Relief**
**Discrimination on the Basis of Race in Violation of the Fair Employment and Housing Act**
**(Cal. Gov. Code §§ 12940, et seq.)**

24    As Against All Defendants and/or Does 1-20

25        34.    Plaintiff hereby incorporates each and every paragraph set forth above as if fully set

26    forth herein.

27        35.    Plaintiff is and at all times relevant to this complaint was protected from

28    discrimination on the basis of her race by California *Government Code* §§12940, et seq.

36.     Plaintiff is informed and believes and thereon alleges that she was discriminated against in the terms and conditions of her employment, as outlined above, on the basis of her race in violation of FEHA.

37.     Plaintiff is informed and believes and thereon alleges that Defendants and/or Does 1-20 willfully and/or with reckless indifference violated California *Government Code* Sections 12940 *et seq.* and discriminated against Plaintiff as outlined above.  Such discrimination has resulted in damage and injury to Plaintiff as alleged herein.

38.     As a direct and proximate result of the unlawful conduct of Defendants and/or Does 1-20, Plaintiff has suffered special damages including but not limited to past and future loss of income, benefits, and other damages to be proven at time of trial.

39.     As a direct and proximate result of the unlawful conduct of Defendants and/or Does 1-20, Plaintiff has suffered general damages including but not limited to shock, embarrassment, humiliation, emotional distress, stress, and other damages to be proven at the time of trial.

40.     The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of Defendants and/or Does 1-20, who were acting at all times relevant to this Complaint within the scope and course of their employment.  Defendants and/or Does 1-20 are, therefore, liable for the conduct of said agents and employees under the Doctrine of Strict Liability.

41.     Defendants and/or Does 1-20 committed the acts herein alleged maliciously, fraudulently and oppressively, in conscious disregard for Plaintiff's rights, and such acts were committed by and/or ratified by, and/or were committed with the knowledge of, employees' lack of fitness in the workplace, but were allowed to proceed, by officers, directors, and/or managing agents of Defendants and/or Does 1-20.  Plaintiff is, therefore, entitled to recover punitive damages from Defendants and/or Does 1-20 in an amount according to proof at trial.

42.     As a result of the conduct of Defendant and/or Does 1-20, Plaintiff was forced to retain an attorney in order to protect her rights.  Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**Second Claim for Relief**
**Harassment on the Basis of Race in Violation of the Fair Employment and Housing Act**
**(Cal. Gov. Code §§ 12940, et seq.)**
As Against All Defendants and/or Does 1-20

43.    Plaintiff hereby incorporates each and every paragraph set forth above as if fully set forth herein.

44.    Plaintiff is and at all times relevant to this complaint was protected from harassment on the basis of her race by California *Government Code* §§12940, et seq.

45.    Defendants and/or Does 1-20 verbally abused and harassed Plaintiff and created a hostile work environment on the basis of her race, as outlined above, in violation of FEHA.

46.    Plaintiff is informed and believes and thereon alleges that Defendants and/or Does 1-20 willfully and/or with reckless indifference violated California *Government Code* Sections 12940 *et seq.* and harassed Plaintiff as outlined above.  Such harassment has resulted in damage and injury to Plaintiff as alleged herein.

47.    As a direct and proximate result of the unlawful conduct of Defendants and/or Does 1-20, Plaintiff has suffered special damages including but not limited to past and future loss of income, benefits, and other damages to be proven at time of trial.

48.    As a direct and proximate result of the unlawful conduct of Defendants and/or Does 1-20, Plaintiff has suffered general damages including but not limited to shock, embarrassment, humiliation, emotional distress, stress, and other damages to be proven at the time of trial.

49.    The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of Defendants and/or Does 1-20, who were acting at all times relevant to this Complaint within the scope and course of their employment.  Defendants and/or Does 1-20 are, therefore, liable for the conduct of said agents and employees under the Doctrine of Strict Liability.

50.    Defendants and/or Does 1-20 committed the acts herein alleged maliciously, fraudulently and oppressively, in conscious disregard for Plaintiff's rights, and such acts were committed by and/or ratified by, and/or were committed with the knowledge of, employees' lack of fitness in the workplace, but were allowed to proceed, by officers, directors, and/or managing agents

1  of Defendants and/or Does 1-20.  Plaintiff is, therefore, entitled to recover punitive damages from

2  Defendants and/or Does 1-20 in an amount according to proof at trial.

3       51.    As a result of the conduct of Defendant and/or Does 1-20, Plaintiff was forced to

4  retain an attorney in order to protect her rights.  Accordingly, Plaintiff seeks the reasonable attorneys'

5  fees and costs incurred in this litigation in an amount according to proof at trial.

6       WHEREFORE, Plaintiff prays for judgment as set forth below.

7

8                          **Third Claim for Relief**
   **Retaliation in Violation of the California Fair Employment and Housing Act (Cal. Gov.**
                                **Code §§ 12940 et seq.)**
9                     Against All Defendants and/or Does 1-20

10      52.    By this reference, Plaintiff hereby incorporates each and every paragraph set forth

11  above as though fully set forth herein.

12      53.    Plaintiff is informed and believes and thereon alleges that as a result of her good-faith

13  complaints of discrimination and harassment on the basis of race and/or her good-faith complaints

14  of sexual harassment and/or her use of medical leave as an accommodation of disability, she was

15  retaliated against in her employment.  This retaliation included but was not limited to the adverse

16  treatment and harassing and retaliatory conduct alleged herein, including but not limited to the

17  disciplinary action, by Defendants and/or Does 1-20.

18      54.    Plaintiff is informed and believes and thereon alleges that Defendants and/or Does

19  1-20, willfully and/or with reckless indifference, violated California *Government Code* § 12940 *et*

20  *seq.* and retaliated against Plaintiff as outlined above, which has resulted in damage and injury to

21  Plaintiff as alleged herein.

22      55.    As a direct and proximate result of the unlawful conduct of Defendants and/or Does

23  1-20, Plaintiff has suffered special damages including but not limited to past and future loss of

24  income, benefits, and other damages to be proven at time of trial.

25      56.    As a direct and proximate result of the unlawful conduct of Defendants and/or Does

26  1-20, Plaintiff has suffered general damages including but not limited to shock, embarrassment,

27  emotional distress, stress, and other damages to be proven at the time of trial.

28      57.    The unlawful conduct alleged above was engaged in by the officers, directors,

1    supervisors and/or managing agents of Defendants and/or Does 1-20, who were acting at all times

2    relevant to this Complaint within the scope and course of their employment.  Defendants and/or

3    Does 1-20 are therefore liable for the conduct of said agents and employees under the Doctrine of

4    Strict Liability.

5          58.    Defendants and/or Does 1-20 committed the acts herein alleged maliciously,

6    fraudulently and oppressively, in conscious disregard for Plaintiff's rights, and such acts were

7    committed by and/or ratified by, and/or were committed with the knowledge of, employees' lack of

8    fitness in the workplace, but were allowed to proceed, by officers, directors, and/or managing agents

9    of Defendants and/or Does 1-20.  Plaintiff is, therefore, entitled to recover punitive damages from

10   Defendants and/or Does 1-20 in an amount according to proof at trial.

11         59.    As a result of the conduct of Defendants and/or Does 1-20, Plaintiff was forced to

12   retain an attorney in order to protect her rights.  Accordingly, Plaintiff seeks the reasonable attorneys'

13   fees and costs incurred in this litigation in an amount according to proof at trial.

14         WHEREFORE, Plaintiff prays for judgment as set forth below.

15

16                          **Fourth Claim for Relief**
17   **Failure to Take Reasonable Steps to Prevent Discrimination and/or Harassment in**
     **Violation of FEHA**
     **(Cal. Gov. Code § 12900, et seq.)**
18                     Against All Defendants and/or Does 1-20

19         60.    By this reference, Plaintiff hereby incorporates each and every paragraph set forth

20   above as though fully set forth herein.

21         61.    Plaintiff is informed and believes and thereon alleges that Defendants and/or Does

22   1-20 failed to take all reasonable steps to prevent and/or investigate and/or remedy claims of

23   discrimination and/or harassment in the workplace, in violation of California *Government Code* §

24   12940(j)(1).

25         62.    Plaintiff is informed, believes, and thereon alleges that the discrimination and

26   harassment against her resulted from the failure of Defendants and/or Does 1-20 to have in place a

27   prophylactic anti-discrimination and harassment policy and/or reporting mechanism and/or their

28   failure to take all reasonable steps to prevent discrimination and/or harassment from occurring in the

workplace and/or their failure to investigate and/or remedy discrimination and/or harassment.

63.    As a direct and proximate result of the unlawful conduct of Defendants and/or Does 1-20, Plaintiff has suffered special damages including but not limited to past and future loss of income, benefits, and other damages to be proven at time of trial.

64.    As a direct and proximate result of the unlawful conduct of Defendants and/or Does 1-20, Plaintiff has suffered general damages including but not limited to shock, embarrassment, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

65.    The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of Defendants and/or Does 1-20, who were acting at all times relevant to this Complaint within the scope and course of their employment.  Defendants and/or Does 1-20 are, therefore, liable for the conduct of said agents and employees under the Doctrine of Strict Liability.

66.    Defendants and/or Does 1-20 committed the acts herein alleged maliciously, fraudulently and oppressively, in conscious disregard for Plaintiff's rights, and such acts were committed by and/or ratified by, and/or were committed with the knowledge of, employees' lack of fitness in the workplace, but were allowed to proceed, by officers, directors, and/or managing agents of Defendants and/or Does 1-20.  Plaintiff is, therefore, entitled to recover punitive damages from Defendants and/or Does 1-20 in an amount according to proof at trial.

67.    As a result of the conduct of Defendants and/or Does 1-20, Plaintiff was forced to retain an attorney in order to protect her rights.  Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for relief as set forth below.

## Fifth Claim for Relief
**Discrimination on the Basis of Race in Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e, et seq.)**
Against All Defendants and Does 1-20

68.    Plaintiff hereby incorporates each and every paragraph set forth above as if fully set forth herein.

69.    Plaintiff is protected from discrimination on the basis of her race by Title VII of the

Civil Rights Act of 1964, 42 *United States Code* §§ 2000e, *et seq*.

70.     Plaintiff is informed and believes and thereon alleges that she was discriminated against in the terms and conditions of her employment, as outlined above, on the basis of her race, in violation of Title VII.

71.     Plaintiff is informed and believes and thereon alleges that Defendants and/or Does 1-20 willfully and/or with reckless indifference violated Title VII of the Civil Rights Act of 1964, and discriminated against Plaintiff as outlined above, on the basis of race.  Such discrimination has resulted in damage and injury to Plaintiff as alleged herein.

72.     As a direct and proximate result of the unlawful conduct of Defendants and/or Does 1-20, Plaintiff has suffered special damages including but not limited to past and future loss of income, benefits, and other damages to be proven at time of trial.

73.     As a direct and proximate result of the unlawful conduct of Defendants and/or Does 1-20, Plaintiff has suffered general damages including but not limited to shock, embarrassment, humiliation, emotional distress, stress, and other damages to be proven at the time of trial.

74.     The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of Defendants and/or Does 1-20, who were acting at all times relevant to this Complaint within the scope and course of their employment.  Defendants and/or Does 1-20 are, therefore, liable for the conduct of said agents and employees under the Doctrine of Strict Liability.

75.     Defendants and/or Does 1-20 committed the acts herein alleged maliciously, fraudulently and oppressively, in conscious disregard for Plaintiff's rights, and such acts were committed by and/or ratified by, and/or were committed with the knowledge of, employees' lack of fitness in the workplace, but were allowed to proceed, by officers, directors, and/or managing agents of Defendants and/or Does 1-20.  Plaintiff is, therefore, entitled to recover punitive damages from Defendants and/or Does 1-20 in an amount according to proof at trial.

76.     As a result of the conduct of Defendants and/or Does 1-20, Plaintiff was forced to retain an attorney in order to protect her rights.  Accordingly, Plaintiff seeks the reasonable attorneys fees and costs incurred in this litigation in an amount according to proof at trial.

1    WHEREFORE, Plaintiff prays for judgment as set forth below.

2

3                            **Sixth Claim for Relief**
     **Harassment on the Basis of Race in Violation of Title VII of the Civil Rights Act of 1964**
                        **(42 U.S.C. §§ 2000e, et seq.)**
4                     Against All Defendants and Does 1-20

5    77.    Plaintiff hereby incorporates each and every paragraph set forth above as if fully set

6    forth herein.

7    78.    Plaintiff is protected from harassment on the basis of her race by Title VII of the Civil

8    Rights Act of 1964, 42 *United States Code* §§ 2000e, *et seq*.

9    79.    Defendants and/or Does 1-20 verbally abused and harassed Plaintiff and created a

10   hostile work environment on the basis of her race, as outlined above, in violation of Title VII of the

11   Civil Rights Act of 1964.

12   80.    Plaintiff is informed and believes and thereon alleges that Defendants and/or Does

13   1-20 willfully and/or with reckless indifference violated Title VII of the Civil Rights Act of 1964,

14   and harassed Plaintiff as outlined above, on the basis of race.  Such harassment has resulted in

15   damage and injury to Plaintiff as alleged herein.

16   81.    As a direct and proximate result of the unlawful conduct of Defendants and/or Does

17   1-20, Plaintiff has suffered special damages including but not limited to past and future loss of

18   income, benefits, and other damages to be proven at time of trial.

19   82.    As a direct and proximate result of the unlawful conduct of Defendants and/or Does

20   1-20, Plaintiff has suffered general damages including but not limited to shock, embarrassment,

21   humiliation, emotional distress, stress, and other damages to be proven at the time of trial.

22   83.    The unlawful conduct alleged above was engaged in by the officers, directors,

23   supervisors and/or managing agents of Defendants and/or Does 1-20, who were acting at all times

24   relevant to this Complaint within the scope and course of their employment.  Defendants and/or

25   Does 1-20 are, therefore, liable for the conduct of said agents and employees under the Doctrine of

26   Strict Liability.

27   84.    Defendants and/or Does 1-20 committed the acts herein alleged maliciously,

28   fraudulently and oppressively, in conscious disregard for Plaintiff's rights, and such acts were

1  committed by and/or ratified by, and/or were committed with the knowledge of, employees' lack of

2  fitness in the workplace, but were allowed to proceed, by officers, directors, and/or managing agents

3  of Defendants and/or Does 1-20.  Plaintiff is, therefore, entitled to recover punitive damages from

4  Defendants and/or Does 1-20 in an amount according to proof at trial.

5      85.     As a result of the conduct of Defendants and/or Does 1-20, Plaintiff was forced to

6  retain an attorney in order to protect her rights.  Accordingly, Plaintiff seeks the reasonable attorneys

7  fees and costs incurred in this litigation in an amount according to proof at trial.

8      WHEREFORE, Plaintiff prays for judgment as set forth below.

9

10                    **Seventh Claim for Relief**
   **Retaliation in Violation of Title VII of the Civil Rights Act of 1964**
                 **(42 U.S.C. §§ 2000e, et seq.)**
11                Against All Defendants and Does 1-20

12      86.     By this reference, Plaintiff hereby incorporates each and every paragraph set forth

13  above as though fully set forth herein.

14      87.     Plaintiff is informed and believes and thereon alleges that because she complained

15  about race discrimination and/or harassment in the workplace and/or complained about sexual

16  harassment in the workplace and/or took medical leave as an accommodation of disability as set

17  forth above, she was retaliated against in her employment.  This retaliation included but was not

18  limited to disciplinary action by Defendants and/or Does 1-20.

19      88.     Plaintiff is informed and believes and thereon alleges that Defendants and/or Does

20  1-20, willfully and/or with reckless indifference, violated 42 U.S.C. §§ 2000e, *et seq.*, and retaliated

21  against Plaintiff as outlined above, which has resulted in damage and injury to Plaintiff as alleged

22  herein.

23      89.     As a direct and proximate result of the unlawful conduct of Defendants and/or Does

24  1-20, Plaintiff has suffered special damages including but not limited to past and future loss of

25  income, benefits, and other damages to be proven at time of trial.

26      90.     As a direct and proximate result of the unlawful conduct of Defendants and/or Does

27  1-20, Plaintiff has suffered general damages including but not limited to shock, embarrassment,

28  emotional distress, stress, and other damages to be proven at the time of trial.

91.     The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of Defendants and/or Does 1-20, who were acting at all times relevant to this Complaint within the scope and course of their employment.  Defendants and/or Does 1-20 are therefore liable for the conduct of said agents and employees under the Doctrine of Strict Liability.

92.     Defendants and/or Does 1-20 committed the acts herein alleged maliciously, fraudulently and oppressively, in conscious disregard for Plaintiff's rights, and such acts were committed by and/or ratified by, and/or were committed with the knowledge of, employees' lack of fitness in the workplace, but were allowed to proceed, by officers, directors, and/or managing agents of Defendants and/or Does 1-20.  Plaintiff is, therefore, entitled to recover punitive damages from Defendants and/or Does 1-20 in an amount according to proof at trial.

93.     As a result of the conduct of Defendants and/or Does 1-20, Plaintiff was forced to retain an attorney in order to protect her  rights.  Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**Eighth Claim for Relief**
**Wrongful Constructive Termination in Violation of Public Policy**
Against All Defendants and Does 1-20

94.     By this reference, Plaintiff hereby incorporates each and every paragraph set forth above as though fully set forth at this place.

95.     At all times mentioned herein, California Government Code Section 12900, et seq. and its interpretive regulations, as well as the Constitution of the State of California, were in full force and effect, and set forth the policy of the State of California.  It is the public policy of the State of California to protect and safeguard the right and opportunity of all persons to seek and hold employment without discrimination or abridgment on account of race and/or sexual harassment and/or complaints thereof.

96.     As is set forth above, because of the unlawful discriminatory and retaliatory animus that is set forth elsewhere herein, which were in violation of the California Fair Employment and

Housing Act, the California Constitution, Article I Section 8, and their interpretive regulations, Defendants engaged in conduct which would have caused any reasonable person such as Plaintiff, situated similarly to Plaintiff, to be constructively terminated from her employment by Defendants and/or Does 1-20.

97.    Plaintiff is informed and believes and thereon alleges that Defendants and/or Does 1-20 wrongfully constructively terminated the employment of Plaintiff in violation of the public policy of the State of California as is set forth in herein and other applicable provisions of law.

98.    As a direct and proximate result of the unlawful conduct of Defendants and/or Does 1-20, Plaintiff has suffered special damages including but not limited to past and future loss of income, benefits, and other damages to be proven at time of trial.

99.    As a direct and proximate result the unlawful conduct of Defendants and/or Does 1-20, Plaintiff has suffered general damages including but not limited to shock, embarrassment, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

100.    The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of Defendants and/or Does 1-20, who were acting at all times relevant to this Complaint within the scope and course of their employment.  Defendants and/or Does 1-20 are, therefore, liable for the conduct of said agents and employees under the Doctrine of Strict Liability.

101.    Defendants and/or Does 1-10 committed the acts herein alleged maliciously, fraudulently and oppressively in conscious disregard for Plaintiff's rights and such acts were committed by and/or ratified by, and or were committed with the knowledge of employees' lack of fitness in the workplace but were allowed to proceed by officers, directors, and/or managing agents of Defendants and/or Does 1-20.  Plaintiff is, therefore, entitled to recover punitive damages from Defendants and/or Does 1-10 in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for judgment as set forth below.

/ / /

/ / /

/ / /

**Ninth Claim for Relief**
**Failure to Pay Overtime Compensation in Violation of California Labor Code §§ 510, 1194, and 1198 *et seq.* and Claim for Waiting Time Penalties Under California Labor Code § 200 *et seq.***
Against All Defendants and Does 1-20

102.   Plaintiff hereby incorporates each and every paragraph set forth above, as if fully set forth herein.

103.   California *Labor Code* §§ 510 and 1198 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty hours (40) in any workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

104.   Defendants and/or Does 1-20 failed to pay Plaintiff overtime compensation for the hours she worked in excess of the maximum hours permissible by law under California *Labor Code* §§ 510 and 1198.  Defendants and/or Does 1-20 required and/or suffered and/or permitted Plaintiff to work overtime hours.

105.   The failure of Defendants and/or Does 1-20 to pay additional, premium rate compensation to Plaintiff for her overtime hours worked has caused Plaintiff to suffer damages in amounts which are presently unknown to her but which exceed the jurisdictional threshold of this Court and which will be ascertained according to proof at trial.

106.   Plaintiff is informed and believes and thereon alleges that the failure of Defendants and/or Does 1-20 to pay overtime wages was "willful" as that term is defined by the *Labor Code*, including but not limited to *Labor Code* § 203.

107.   Because the failure by Defendants and/or Does 1-20 to pay Plaintiff was "willful," Plaintiff therefore further claims waiting time penalties pursuant to *Labor Code* § 203 for 30 days at the rate of $128.00 per day, for a total of $3,840.00.

108.   Pursuant to *Labor Code* § 218.6 or *Civil Code* § 3287(a), Plaintiff is entitled to recover pre-judgment interest on wages earned, but not paid, every pay period.

109.   As a direct and proximate result of the unlawful acts and/or omissions of Defendants and/or Does 1-20, Plaintiff has been deprived of overtime and double time compensation in an amount to be determined at trial.  Plaintiff requests recovery of overtime and double time compensation according to proof, interest, attorneys' fees and costs of suit pursuant to California

*Labor Code* §§ 1194(a), 1194.3, and 1197.1, as well as the assessment of any statutory penalties against Defendants and/or Does 1-20, in a sum as provided by the California *Labor Code* and/or other statutes.

110.    Plaintiff is entitled to all reasonable attorneys' fees and litigation costs incurred in litigating this action pursuant to statute.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**Tenth Claim for Relief**
**Failure to Provide Meal Periods**
Against All Defendants and Does 1-20

111.    By this reference, Plaintiff hereby incorporates each and every paragraph set forth above as though fully set forth at this place.

112.    Defendants and/or Does 1-20 failed to comply with California Wage Orders by failing to provide required meal periods to Plaintiff.  Plaintiff regularly worked in excess of five (5) hours per day without being afforded a meal period of not less than 30 minutes as required by *Labor Code* sections 226.7 and 512.  Defendants and/or Does 1-20 further violated the IWC wage orders and *Labor Code* section 226.7 by failing to pay Plaintiff, when not provided a meal period as required by law, an additional one hour of compensation for each day that Defendants and/or Does 1-20 failed to provide Plaintiff with the required meal period.

113.    The conduct of Defendants and/or Does 1-20 was unlawful, and Plaintiff is entitled to compensation for such unlawful conduct in the sum of all unpaid compensation, together with prejudgment interest, in an amount according to proof at trial.

114.    Plaintiff requests recovery of this compensation, plus interest, pursuant to *Labor Code* §§ 201-203, 218.5, 510, 515, 550-552, 558, 1194, 1197, and 1198, the relevant and applicable Industrial Wage Commission Orders, as well as assessment of any other statutory penalties against Defendants and/or Does 1-20 in a sum provided by the California *Labor Code* and other applicable statutes.

115.    Plaintiff is entitled to all reasonable attorneys' fees and litigation costs incurred in litigating this action pursuant to statute.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**Eleventh Claim for Relief**
**Failure to Provide Rest Periods**
Against All Defendants and Does 1-20

116.     By this reference, Plaintiff hereby incorporates each and every paragraph set forth above as though fully set forth at this place.

117.     California Labor Code section 226.7,  Title 8 of the California Code of Regulations § 11050,  12, and the applicable Industrial Wage Orders required Defendant to authorize and permit rest periods to Plaintiff at the rate of ten minutes per four hours or major fraction thereof.

106.     Defendant violated these provisions of California law by failing and refusing to provide rest breaks.  Defendant further violated the IWC wage orders and Labor Code section 226.7 by failing to pay Plaintiffs, when not provided a rest period as required by law, an additional one hour of compensation for each day that Defendant failed to provide Plaintiffs with the required rest period.

118.     Plaintiffs request recovery of this compensation, plus interest, and costs pursuant to Labor Code sections 201-203, 218.5, 510, 515, 550-552, 558, 1194, 1197, and 1198, the relevant and applicable Industrial Wage Commission Orders, as well as assessment of any other statutory penalties against Defendant in a sum provided by the California Labor Code and other applicable statutes.

119.     Plaintiff is entitled to all reasonable attorneys' fees and litigation costs incurred in litigating this action pursuant to statute.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**Twelfth Claim for Relief**
**Violation of California *Business and Professions Code* § 17200**
Against All Defendants and Does 1-20

120.     By this reference, Plaintiff hereby incorporates each and every paragraph set forth above as though fully set forth at this place.

121.     In violation of California Labor Code § 200, *et seq.*, Defendants and/or Does 1-20 failed to compensate Plaintiff for all wages.

122.    By virtue of the aforementioned violations of the law, Defendants and/or Does 1-20 have violated the Unfair Competition Law ("UCL"), under section 17200, *et seq.*, of the California *Business and Professions Code*.

123.    As a direct result of the violations of the UCL by Defendants and/or Does 1-20, Defendants and/or Does 1-20 have withheld and maintained for their own use and benefit compensation and other funds referenced herein that were never provided to Plaintiff but which Plaintiff has rightfully earned.

124.    Plaintiff is therefore entitled to restitution in the amount of the value of these sums that Defendants and/or Does 1-20 have withheld since the time those wages were earned by Plaintiff herein.

125.    Plaintiff is entitled to all reasonable attorneys' fees and litigation costs incurred in litigating this action pursuant to statute.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**Prayer for Relief**

WHEREFORE, Plaintiff makes the following demand:

As to the First through Seventh Claims for Relief set forth herein, Plaintiff prays:

    a)    That process be issued and served as provided by law, requiring Defendants to appear and answer or face judgment;

    b)    That Plaintiff have and recover a judgment against Defendants in an amount to be determined at trial as special damages;

    c)    That Plaintiff have and recover a judgment against Defendants in an amount to be determined at trial as general damages;

    d)    That Plaintiff have and recover a judgment against Defendants for punitive damages in an amount to be determined at trial sufficient to punish, penalize and/or deter Defendants;

    e)    That Plaintiff have and recover a judgment against Defendants in an amount to be determined at trial for expenses of this litigation, including, but not limited to,

1    reasonable attorney's fees and costs;

2    f)    That Plaintiff have and recover a judgment against Defendants for all prejudgment

3          interest;

4    g)    That Plaintiff have such other relief as this Court deems just and appropriate.

5    As to the Eighth Claim for Relief set forth herein, Plaintiff prays:

6    a)    That process be issued and served as provided by law, requiring Defendants to appear

7          and answer or face judgment;

8    b)    That Plaintiff have and recover a judgment against Defendants in an amount to be

9          determined at trial as special damages;

10   c)    That Plaintiff have and recover a judgment against Defendants in an amount to be

11         determined at trial as general damages;

12   d)    That Plaintiff have and recover a judgment against Defendants for punitive damages

13         in an amount to be determined at trial sufficient to punish, penalize and/or deter

14         Defendants;

15   e)    That Plaintiff have and recover a judgment against Defendants in an amount to be

16         determined at trial for expenses of this litigation;

17   f)    That Plaintiff have and recover a judgment against Defendants for all prejudgment

18         interest;

19   g)    That Plaintiff have such other relief as this Court deems just and appropriate.

20   For the Ninth through Eleventh Claims for Relief set forth herein, Plaintiff prays:

21   a)    That process be issued and served as provided by law, requiring Defendants to appear

22         and answer or face judgment;

23   b)    For unpaid overtime wages in an amount to be determined at trial;

24   c)    For waiting time penalties in the amount of $3,840.00;

25   d)    That Plaintiff have and recover a judgment against Defendants in an amount to be

26         determined at trial for the expenses of this litigation, including but not limited to

27         attorneys' fees and costs;

28   e)    That Plaintiff have and recover a judgment against Defendants for all prejudgment

1    interest;

2       f)    That Plaintiff have such other relief as this Court deems just and appropriate.

3    For the Twelfth Claim for Relief set forth herein, Plaintiff prays:

4       a)    That process be issued and served as provided by law, requiring Defendants to appear

5             and answer or face judgment;

6       b)    For an equitable accounting to identify, locate and restore to Plaintiff the wages he

7             is due, with interest thereon;

8       c)    That Plaintiff recover a judgment against Defendants for restitution for sums

9             withheld, including but not limited to unpaid wages;

10      d)    That Plaintiff recover a judgment against Defendants in an amount to be determined

11            at trial for expenses of this litigation, including, but not limited to, reasonable

12            attorneys' fees and costs;

13      e)    That Plaintiff recover a judgment against Defendants for all prejudgment interest;

14      f)    That Plaintiff have such other relief as this Court deems just and appropriate.

15

16   Date:   March 9, 2021                    **LAW OFFICES OF JEREMY PASTERNAK**
                                              **A Professional Corporation**
17

18                                            By:

19                                            JEREMY PASTERNAK
                                              DEANNA L. MAXFIELD
20                                            Attorneys for Plaintiff
                                              ASHLEIGH GODDARD
21

22   **Plaintiff Demands Trial by Jury**.

23   Date:   March 9, 2021                    **LAW OFFICES OF JEREMY PASTERNAK**
                                              **A Professional Corporation**
24

25                                            By:

26                                            JEREMY PASTERNAK
                                              DEANNA L. MAXFIELD
27                                            Attorneys for Plaintiff
                                              ASHLEIGH GODDARD
28